**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DAWN GILLESPIE, | : | |
|     Plaintiff, | : | Hon. Joseph H. Rodriguez |
| v. | : | Civil Action No. 14-7779 |
| ACME MARKETS, INC. and UNITED FOOD AND COMMERCIAL WORKERS, LOCAL 1360, | : | **OPINION** |
| | : | |
|     Defendant. | : | |

      These matters are before the Court on Defendants' separate Motions to Dismiss, both filed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions of the parties, including the numerous attachments to the briefs.[1] For the reasons that follow, the Court is notifying the parties of its intent to convert the motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) to motions for summary judgment pursuant to Federal Rule of Civil Procedure 56.

      Plaintiff Dawn Gillespie brings this action individually. The Complaint alleges bare claims of wrongful termination and breach of contract against Defendants Acme Markets, Inc. ("Acme") and United Food and Commercial Workers, Local 1360 ("Local

---

[1] Plaintiff failed to timely file an opposition. The present motions were filed on January 5, 2015. Opposition was due on January 20, 2015. On February 5, 2015, counsel for Plaintiff filed a request for additional time to file opposition papers. Dkt. No. 8. Counsel was informed by telephone that Defendants' consent was necessary for an extension. Counsel never filed an opposition. Then on June 29, 2015, the Court issued an Order requiring Plaintiff to show cause in writing why the motions should not be considered unopposed. Dkt. No. 9. The Court gave a response deadline of July 6, 2015. Plaintiff filed opposition on August 10, 2015. The one and a half page letter issued in opposition fails to adequately address the issues raised by the Defendants and attaches a letter from the arbitrator.

2

1360") (Count I) and a claim of breach of contract and breach of fiduciary duty against Local 1360 (Count II)[2]. The Complaint contains vague factual allegations, but relates to Gillespie's discharge from Acme as a full time cashier following allegations that she had stolen money from her cash register.[3] Gillespie is a member of Local 1360 and the union filed a timely grievance on her behalf following the termination.

The parties went to arbitration and on November 2, 2013, the arbitrator issued a written decision which awarded to Gillespie reinstatement without loss of seniority and with full back pay. See Acme, Ex. 1. It appears that Gillespie has not been reinstated because, according to Acme, she has not presented proof that she is medically fit to work. Acme attaches a note, dated January 14, 2014, from Dr. Andrew Cogan that states that Gillespie was unable to return to work and that she has been unable to work since September, 2012. In its brief, Acme states that Gillespie never provided a letter which medically clears her for work. Acme also attaches court records from the Superior Court of New Jersey which detail the procedural history of this case and includes Plaintiff's previous failed attempts to pursue litigation in the state courts on the present claims.[4]

---

[2] Count II is titled "Union's Breach of Contract and Fiduciary Duty." See Complaint, ¶11. As such, the Court construes this claim as against only Local 1360.

[3] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir.2002) (internal quotation marks and citations omitted) (emphasis deleted). In this case, the arbitration award is integral to and referenced in the Complaint. As a result, the Court will look to the award to frame the present issue and provide context to the issue, which is lacking in the Complaint.

[4] The Third Circuit has held that a court hearing a motion to dismiss may take judicial notice of a judgment in another case but not the facts therein. S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 413 (3d Cir. 1999); see also Brody v. Hankin, 145 F. App'x 768, 772 (3d Cir. 2005).

Acme claims that the complete arbitration rule announced in <u>Union Switch & Signal Div. Am. Standard Inc. v. United Elec., Radio and Machine Workers of Am., Local 610</u>, 900 F.2d 608 (3d Cir. 1990) requires that arbitration be fully exhausted before jurisdiction lays in the district court.  Here, although styled as a breach of contract action, Acme argues that Plaintiff's complaint seeks to implement the arbitration award.  Ostensibly, the breach relates to Acme's failure to reinstate Gillespie and comply with the arbitrator's award.  The arbitrator, in his written decision, retained jurisdiction over the implementation of the remedy. <u>See</u> Acme Ex. 1.   For this reason, and because this is Plaintiff's second attempt to bypass the arbitral process, Acme seeks dismissal and an award of attorney's fees.  Acme argues Gillespie's claim should be presented to the arbitrator.

Local 1360 moves for dismissal on the ground that Plaintiff's claims are time-barred.  Although styled as a breach of contract and a breach of fiduciary duty claim, Local 1360 argues that Gillespie's claims must be considered as a "hybrid Section 301/Duty of Fair Representation Claim" arising out of both Section 301 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 185 and the judicially created doctrine of the union's Duty of Fair Representation. <u>Vaca v. Spies</u>, 386 U.S. 171, 178-9, n. 3 (1967).  A claim that a union breached the duty of fair representation must be bought no later than six months from the date upon which the plaintiff knew or reasonably should have known of the union's alleged breach.  <u>Hersh v. Allen Prods. Co.</u>, 789 F.2d 230, 232 (3d Cir. 1986).  Under the facts of this case, Local 1360 argues that Plaintiff's claim is time-barred.

In support, Local 1360 attaches two exhibits to its brief that may demonstrate when Plaintiff knew or should have known about the union's intention to no longer pursue Gillespie's claim. Local 1360 also claims that there are no facts that support tolling the limitations period and, therefore, Gillespie's claim is time-barred.

A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")).

The Defendants' motions ask the Court to consider documents outside of the pleadings. Specifically, Defendants attach, inter alia, a doctor's note, correspondence between the parties' counsel, a letter from the arbitrator, and an affidavit from a Local 1360 representative. All of the documents are necessary to frame the issues and lend support to the arguments advanced in support of dismissal. In addition, Defendants' motions both ask the Court to resolve factual issues; i.e., when the statute of limitations began to run on Plaintiff's claim against Local 1360 and whether the arbitration has been exhausted. With the exception of the arbitrator's decision, which may be considered as integral to the complaint, consideration of documents outside of the pleadings on a motion to dismiss is prescribed by Fed. R. Civ. P. 12 (b). As a result, the Court will convert the Defendants' motions to dismiss to motions for summary

judgment. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir. 1998) ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, at *1 (3d Cir. Mar.10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

In the interest of procedural fairness, the parties will have reasonable opportunity to present all materials relevant to a summary judgment motion on the issues contained herein. See Fed. R. Civ. P. 12(d).  The motions to dismiss must be denied.

An appropriate Order shall issue.

Dated: September 30, 2015

                                                s/ Joseph H. Rodriguez
                                                Hon. Joseph H. Rodriguez,
                                                UNITED STATES DISTRICT JUDGE