# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAWN GILLESPIE, | : | |
| Plaintiff, | : | Hon. Joseph H. Rodriguez |
| v. | : | Civil Action No. 14-7779 |
| ACME MARKETS, INC. and UNITED FOOD AND COMMERCIAL WORKERS, LOCAL 1360, | : : | **OPINION** |
| Defendant. | : | |

These matters come before the Court on Defendants' separate Motions for Summary Judgment, both filed pursuant to Federal Rule of Civil Procedure 56.  The Court has considered the submissions of the moving parties, Defendant United Food and Commercial Workers and Defendant Acme Markets, Inc.[1] For the reasons that follow, Defendants' motions for summary judgment are granted.

## I.   <u>Background</u>

Plaintiff Dawn Gillespie brings this action individually.  The Complaint alleges claims of wrongful termination and breach of contract against Defendants Acme Markets, Inc. ("Acme") and United Food and Commercial Workers, Local 1360 ("Local 1360") (Count I) and a claim of breach of contract and breach of fiduciary duty against

---

[1] Plaintiff failed to timely file an opposition.  The present motions were filed by Defendant United Food and Commercial Workers on November 20, 2015 and by Defendant Acme Markets, Inc. on November 25, 2016.  Opposition was due on December 7, 2015.  Plaintiff improperly filed a L. R. Civ. P. 7.1 (d) (5) automatic extension on December 21, 2015, after the opposition was due.  No opposition papers have been submitted by Plaintiff and the Court considers the motions as unopposed.  This is not the first time Plaintiff has failed to respond.  <u>See</u> Dkt. No. 9.

Local 1360 (Count II)[2].  The Complaint contains vague factual allegations, but relates to Gillespie's discharge from Acme as a full time cashier following allegations that she stole money from her cash register.  Gillespie is a member of Local 1360 and the union filed a timely grievance on her behalf following the termination.

The parties went to arbitration and on November 2, 2013, the arbitrator issued a written decision awarding Gillespie reinstatement without loss of seniority and with full back pay. See Decl. Dosenbach, Ex. 1, ¶ 4.  Plaintiff then hired an attorney. See Michalowski Aff., Ex. A. at ¶13.  It appears that Gillespie has not been reinstated because, according to Acme, she has not presented proof that she is medically fit to work.   Acme submits a note, dated January 14, 2014, from Dr. Andrew Cogan that states that Gillespie was unable to return to work and that she has been unable to work since September, 2012. See Decl. Dosenbach, Ex. 1, ¶ 9.  Acme claims that Gillespie has never provided a letter which medically clears her for work.  Acme also attaches court records from the Superior Court of New Jersey which detail the procedural history of this case and includes Plaintiff's previous failed attempts to pursue litigation in the state courts on the present claims. Id., Ex. 2.[3]

Acme claims that the complete arbitration rule announced in Union Switch & Signal Div. Am. Standard Inc. v. United Elec., Radio and Machine Workers of Am., Local 610, 900 F.2d 608 (3d Cir. 1990) requires that arbitration be fully exhausted before

---

[2] Count II is titled "Union's Breach of Contract and Fiduciary Duty." See Complaint, ¶11. As such, the Court construes this claim as against only Local 1360.
[3] The Third Circuit has held that a court hearing a motion to dismiss may take judicial notice of a judgment in another case but not the facts therein. S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 413 (3d Cir. 1999); see also Brody v. Hankin, 145 F. App'x 768, 772 (3d Cir. 2005).

jurisdiction lays in the district court.  Here, although styled as a breach of contract action, Acme argues that Plaintiff's complaint seeks to improperly implement the arbitration award.  Ostensibly, the breach relates to Acme's failure to reinstate Gillespie and comply with the arbitrator's award.  The arbitrator, in his written decision, retained jurisdiction over the implementation of the remedy. See Acme Ex. 1.   For this reason, and because this is Plaintiff's second attempt to bypass the arbitral process, Acme seeks dismissal and an award of attorney's fees.  Acme argues Gillespie's claim should be presented to the arbitrator. The Court agrees.

Local 1360 moves for summary judgment on the ground that Plaintiff's claims are time-barred.  Although styled as a breach of contract and a breach of fiduciary duty claim, Local 1360 argues that Gillespie's claims must be considered as a "hybrid Section 301/Duty of Fair Representation Claim" arising out of both Section 301 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 185 and the judicially created doctrine of the union's Duty of Fair Representation. Vaca v. Spies, 386 U.S. 171, 178-9, n. 3 (1967).  A claim that a union breached the duty of fair representation must be bought no later than six months from the date upon which the plaintiff knew or reasonably should have known of the union's alleged breach.  Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986).  Under the facts of this case, Local 1360 argues that Plaintiff's claim is time-barred.

In support, Local 1360 attaches two letter exhibits to demonstrate that Plaintiff knew or should have known about its intention to no longer pursue her claim. See Ex. A., Michalowski Aff., ¶ 14, Feb. 14, 2014; Ex. B., Jan. 15, 2014 Letter.  Local 1360 also claims that there are no facts that support tolling the limitations period and, therefore, Gillespie's claim is time-barred.  The Court agrees.

## II.     <u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56(a) generally provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" such that the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Such a showing must be supported by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A). A "genuine" dispute of "material" fact exists where a reasonable jury's review of the evidence could result in "a verdict for the non-moving party" or where such fact might otherwise affect the disposition of the litigation. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts, however, will fail to preclude the entry of summary judgment. <u>Id.</u>

In evaluating a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, and must provide that party the benefit of all reasonable inferences. <u>Scott v. Harris</u>, 550 U.S. 372, 378 (2007); <u>Halsey v. Pfeiffer</u>, 750 F.3d 273, 287 (3d Cir. 2014). Any such inferences "must flow directly from admissible evidence[,]" because "'an inference based upon [ ] speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment.'" <u>Halsey</u>, 750 F.3d at 287 (quoting <u>Robertson v. Allied Signal, Inc.</u>, 914 F.2d 360, 382 n.12 (3d Cir. 1990) (citing <u>Anderson</u>, 477 U.S. at 255)).

Accordingly, the moving party initially has the burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the non-moving party must identify,

by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994). Again, to withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Andersen, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)).

Indeed,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex, 477 U.S. at 322. The movant can support the assertion that a fact cannot be genuinely disputed by showing that "an adverse party cannot produce admissible evidence to support the [alleged dispute of] fact." Fed. R. Civ. P. 56(c)(1)(B); accord Fed. R. Civ. P. 56(c)(2).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Credibility determinations are the province of the factfinder. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

### III.   Analysis

Defendants' motions for summary judgment are granted. The complete arbitration rule favors dismissal of Plaintiff's claims in favor of arbitration.  Arbitrator De Truex explicitly retained jurisdiction over the implementation of Plaintiff's reinstatement award and Plaintiff's present claims fall within the arbitrator's purview.  In addition, Local 1360's motion for summary judgment is granted because Plaintiff's claims sound in federal law and are time barred by the applicable statute of limitations.  Alternatively, summary judgment is granted as to Plaintiff's breach of contract claim because there is no evidence in the record that Local 1360 breached its contract with Plaintiff.

### A. Acme Market's Motion for Summary Judgment

The complete arbitration rule compels this Court to dismiss Plaintiff's case because the arbitrator maintained jurisdiction over implementation of the award and the award is, therefore, not complete. The complete arbitration rule is a prudential limit on a court's jurisdiction.  Many courts have declined to "a labor arbitrator's decision under Section 301 until the arbitrator has ruled on both liability and remedies[.]" Peabody Holding Co., LLC v. United Mine Workers of Am., Int'l Union, Unincorporated Ass'n, No. 14-2032, 2016 WL 878002, at *3 (4th Cir. Mar. 8, 2016) (citing Local 36, Sheet Metal Workers Int'l Ass'n v. Pevely Sheet Metal Co., 951 F.2d 947, 949–50 (8th Cir. 1992); Union Switch & Signal Div. Am. Standard Inc. v. United Elec. Workers, Local 610, 900 F.2d 608, 612–14 (3d Cir. 1990); Millmen Local 550, United Bhd. of Carpenters v. Wells Exterior Trim, 828 F.2d 1373, 1375–76 (9th Cir. 1987)).

The Third Circuit's application of the rule is spelled out in United Elec. Workers, Local 610 and provides, generally, that although this Court's jurisdiction under § 301 is not necessarily limited by the absence of a final decision by Arbitrator De Truex,

prudential limitations favoring a "necessity for an arbitration to be complete before a section 301 action is entertained so that a premature action will be discouraged or, if brought, will be met with a motion to dismiss." United Elec., Radio & Mach. Workers of Am., Local 610, 900 F.2d at 614. Here, Arbitrator De Treux issued a decision on November 2, 2013 which reinstated Plaintiff with full back pay and no loss of seniority. See Dosenbach Decl., ¶ 6-7.  Arrangements were made for Plaintiff to return to work, but on her anticipated first day back at work on January 14, 2014, Plaintiff's husband arrived with a medical note excusing Plaintiff from work with a request for leave of absence paperwork. Id. at ¶ 9; see also Aff. of Peg Michalowski, Exhibit A at ¶4.

On January 15, 2014, Union Secretary-Treasurer/Servicing Director Peg Michalowski ("Michalowski") attempted to contact Plaintiff by telephone to notify her that Local 1360 was working to enforce the arbitration award, but the union required additional information from Gillespie to facilitate the enforcement. See Dosenbach Decl,¶ 11. After Acme determined Plaintiff was not eligible for Family Medical Leave, it sent her a general leave application. Id.at¶ 12. Currently, Plaintiff remains on general leave status at Acme until Plaintiff produces a note from her doctor clearing her to work. Id. at ¶ 13. Acme remains willing to have Arbitrator De Truex resolve the present issues.

The record reflects that although Plaintiff has yet to submit any medical documentation, she hired an attorney and initiated suit against Acme in the Superior Court of New Jersey.  Id.; see also Compl., Ex. 2.  The Superior Court of New Jersey dismissed the complaint on the ground that the parties "agree that the arbitrator in this case has retained jurisdiction." See Exs. 2-4 (Hearing Transcript and May 2 Order).  The complete arbitration rule compels this Court to do the same.  Plaintiff's action here, although styled as a breach of contract action, ask this Court to either re-litigate the

arbitration and/or determine the implementation of the damages portion of the arbitrator's award against a post-arbitration factual backdrop.  Such a determination remains within the jurisdiction of the arbitrator and, pursuant to the complete arbitration rule, this matter will be dismissed. United Elec., Radio & Mach. Workers of Am., Local 610, 900 F.2d at 614.  Defendant Acme's motion for summary judgment is granted.  The Court will permit Acme to submit a formal motion regarding its request for attorney's fees.  Acme's submission should include documentation related to the calculation of fees in support of its motion.

### B. Local 1360's Motion for Summary Judgment

Defendant Local 1360 argues that Plaintiff's breach of fiduciary duty claim is time barred under the six-month statute of limitations and that because Plaintiff's state law claim for breach of contract relies on the same facts as her breach of fiduciary duty claim, the breach of contract claim is pre-empted by federal law and, therefore, also time-barred. The Court agrees.

Plaintiff's Complaint sets forth a claim against Local 1360 on grounds that it failed to take representative action on Plaintiff's behalf.  Compl., ¶¶ 13-14.  In addition, Local 1360's failure "forced Plaintiff to hire and compensate private counsel to file an action to enforce the Arbitrator's decision." Id. at ¶ 15.  Although Plaintiff captions this claim as a breach of fiduciary duty and a breach of contract, Plaintiff's claims are properly construed as a breach of the statutory duty of fair representation. See 29 U.S.C. §§ 158 (b) & 159 (a); Air Line Pilots Ass'n Int'l v. O'Neill, 499 U.S. 65 (1991).  "The statutory duty of fair representation was developed over 20 years ago in a series of cases involving alleged racial discrimination by unions certified as exclusive bargaining

representatives under the Railway Labor Act[.]" <u>Vaca</u>, 386 U.S. at 178-9, n. 3; <u>Air Line Pilots Ass'n Int'l</u>, 499 U.S. at 76.

      Plaintiff's complaint avers that the Union failed to negotiate on Plaintiff's behalf and/or take steps to enforce the arbitrator's decision.  Compl., ¶¶ 13-14.  A unions duty of fair representation applies to "challenges leveled not only at a union's contract administration and enforcement efforts but at its negotiation activities as well." <u>Air Line Pilots Ass'n, Int'l</u>, 499 U.S. at 77 (quoting <u>Communications Workers v. Beck</u>, 487 U.S. 735, 743, 108 S.Ct. 2641, 2647, 101 L.Ed.2d 634 (1988) (internal citation omitted)). As a result, although styled as state law claims, Plaintiff's complaint "allege[s] a breach by the Union of a duty grounded in federal statutes, and . . .  federal law therefore governs [t]his cause of action." <u>Vaca</u>, 386 U.S. at 177.   Thus, Plaintiff's claim is actually a hybrid Section 301/Duty of Fair Representation claim because it alleges that "the process of collective bargaining has broken down." <u>United Steelworkers v. Crown Cork & Seal Co.</u>, 32 F.3d 53, 58 (3d Cir. 1994).

      Hybrid Section 301/Duty of Fair representation claims are "subject to a six-month statute of limitations period." <u>DelCostello v. Int'l Brotherhood of Teamsters</u>, 462 U.S. 151, 172. The limitations period begins to run "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." <u>Vadino v. A. Valey Engineers</u>, 903 F.2d 253, 260 (3d Cir. 1990). Plaintiff's complaint is vague as to the date of the alleged breach. <u>See</u> Compl. at ¶14. However, Local 1360 sent a letter to Plaintiff nine months prior to the initiation of this action in which Local 1360 advised that it no longer intended to pursue resolution of Plaintiff's arbitration award.  <u>See</u> Ex. A., Michalowski Aff., ¶ 14, Feb. 14, 2014; Ex. B., Jan. 15, 2014 Letter.  This evidence supports a conclusion that Plaintiff knew or should

have known that her cause of action accrued on February 18, 2014.  Plaintiff has not filed opposition and there is no evidence in the record to refute Local 1360's claim that Plaintiff's cause of action accrued at least seven months prior to the commencement of this action in the Superior Court of New Jersey September 26, 2014.[4]  Likewise, there is no evidence in the record to suggest that the limitations period should be tolled. See Podobnik v. U.S. Postal Serv., 409 F.3d 584, 593 (3d Cir. 2005). As a result, Plaintiff's claim for breach of fiduciary duty is dismissed as time-barred.

Plaintiff's claim for breach of contract relies on the same factual predicate as the breach of the fiduciary duty and concerns Local 1360's lack of representation of Plaintiff. This claim is preempted by federal law and is, therefore, time-barred. See Johnson v. United Food and Commercial Workers, Int'l Union Local No. 23, 828 F.2d 961, 967 (3d Cir. 1987) (state law claims styled as tort or breach of contract claims that concern a union's duty of fair representation are preempted).  Alternatively, the record reflects that Local 1360 Union successfully aggrieved and arbitrated Plaintiff's claim.  There is no evidence demonstrating that Plaintiff has pursued reinstatement or presented any evidence that she is medically cleared for reinstatement. Likewise, there is no evidence that Plaintiff has attempted resolution of the present matter through arbitration.

Despite an offer to work in a position at one of the Acme stores Gillespie listed as an acceptable work relocation, Local 1360 contends that Plaintiff either refused placement or is medically unable to accept re-employment.  See Michalowski Aff., Ex. A, ¶10.  On February 13, 2014, Michalowski was notified by Defendant Acme's Vice

---

[4] Plaintiff filed a complaint in the Superior Court of New Jersey on September 26, 2014.  That complaint was never served on the Defendants.  Then, on October 8, 2014, Plaintiff filed an amended complaint; Defendant Local 1360 was served on November 21, 2014.  The matter was removed on December 12, 2014.

President of Human Resources & Labor Relations, Dan Dosenbach, that Gillespie was medically unable to work, that Acme believed that it no longer had an obligation to provide Gillespie with any of the back pay award because of Dr. Cogan's January 14, 2014 note excusing her from work and noting that Gillespie has been unable to work as of September 2012.   <u>See</u> Ex. C, Feb.13, 2014, e-mail from Daniel R. Dosenbach to Peg Michalowski; <u>see</u> also Ex. A at ¶¶ 11-12; Ex. D.  Plaintiff then hired an attorney. <u>See</u> Ex. A. at ¶13.

Plaintiff's counsel was notified by way of letter dated February 18, 2014, that Local 1360 abandoned its representation of Plaintiff in matters related to her termination from Defendant Acme.   <u>See</u> Ex. E., Letter from Peg Michalowski to Christopher Maganello dated February 18, 2014; Ex. A at ¶14; Ex. B at ¶12.   Plaintiff was copied on this letter.  <u>See</u> Exs. E and A at ¶15.  Plaintiff eventually filed suit in the Superior Court of New Jersey.  She has not been reinstated and the record is devoid of any evidence suggesting that the failure to reinstate Plaintiff is the result of a breach of contract by Local 1360.  Rather, the present record reflects a failure of Plaintiff to submit a medical note clearing her for work as the reason she remains unemployed.  As a result, even if Plaintiff's breach of contract claim is not preempted by federal law, summary judgment is granted as to Plaintiff's breach of contract claim.

## IV.   <u>Conclusion</u>

For the reasons stated above, Defendants' motions for summary judgment are granted.  The Court will entertain a separate motion from Acme for attorneys' fees.

Dated: April 25, 2016

s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
UNITED STATES DISTRICT JUDGE