[ECF No. 48]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **DAWN GILLESPIE,** | |
| **Plaintiff,** | |
| v. | Civil No. 14-7779 (JHR/SAK) |
| **ACME MARKETS, INC. et al.,** | |
| **Defendants.** | |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Compel [ECF No. 48] filed by Defendant ACME Markets, Inc. No opposition has been filed. Defendant seeks an Order compelling Plaintiff Dawn Gillespie's counsel, Christopher M. Manganello, Esquire, to provide responsive answers to an information subpoena it served on him. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Defendant's motion is **GRANTED**.

I.  **BACKGROUND**

Plaintiff initially filed this action in state court on September 26, 2014 asserting, *inter alia*, claims of wrongful termination and breach of contract against Defendants ACME Markets, Inc. ("ACME") and United Food and Commercial Workers, Local 1360 ("Local 1360") (collectively, "Defendants"). *See* Compl. [ECF No. 1 at 20–23]; *see also* Am. Compl. [ECF No. 1 at 14–18]. Shortly thereafter, Defendants removed the case to federal court. Upon removal, Defendants filed Motions to Dismiss Plaintiff's Amended Complaint [ECF Nos. 5, 6] pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff failed to timely oppose these motions. *See* Pl.'s Letter, Feb. 5,

2015 [ECF No. 8]. Due to the nature of the motions, and in the interest of procedural fairness, the Honorable Joseph H. Rodriguez, U.S.D.J., denied both motions and directed Defendants to file formal motions for summary judgment pursuant to Rule 56. *See* Op., Sept. 30, 2015 [ECF No. 13]; *see also* Order, Sept. 30, 2015 [ECF No. 14]. Subsequently, Defendant Local 1360 filed a Motion for Summary Judgment [ECF No. 15] and ACME followed with a Motion for Summary Judgment and Attorneys' Fees [ECF No. 16]. Plaintiff failed to timely oppose either motion.

On April 25, 2016, Judge Rodriguez granted Defendants' Motions for Summary Judgment and directed Defendant ACME to submit a formal motion regarding its request for attorneys' fees. *See* Op. [ECF No. 19]; Order [ECF No. 20]. ACME filed its motion for fees [ECF No. 21], which Plaintiff ultimately opposed after requesting several extensions. *See* ECF Nos. 28, 29. Following oral argument, Judge Rodriguez granted ACME's motion and directed the parties to submit a joint schedule detailing payment of the award of counsel fees. *See* Order, Jan. 30, 2017 [ECF No. 33]. The Order specifically forewarned "that failure to submit a fee payment schedule will result in the Court ordering payment by Plaintiff's counsel, Christopher M. Manganello, of counsel fees in the amount of $20,869.60 and costs in the amount of $82.60 to" Defendant ACME. *See id.* at 2.

On March 6, 2018, a Joint Schedule for Payment of Award of Counsel Fees and Costs ("Joint Schedule") [ECF No. 37] was submitted setting forth the details of the parties' agreement. Several months later, Defendant ACME filed a Motion for Default for Breach of the Joint Schedule [ECF No. 38] alleging Plaintiff failed to timely remit payments under the terms of the agreement. On March 14, 2019, Judge Rodriguez granted ACME's motion and directed counsel to submit a Judgment for entry in the amount of the unpaid balance of the fee award plus interest and expenses. *See* ECF Nos. 40, 41. On June 11, 2019, Judge Rodriguez issued an Order requiring Manganello to immediately remit the remaining unpaid fees, totaling $18,952.20, plus postjudgment interest

2

calculated from January 30, 2017, the date of the initial Judgment. *See* Order at 2 [ECF No. 43]. The Order also held Manganello liable for an additional $1,921.50 in fees and expenses incurred by ACME in attempting to enforce the Joint Schedule. *See id.*

Defendant ACME now moves for Order compelling Christopher M. Manganello, Esquire to provide answers to an information subpoena it served on him. Defendant asserts that, to date, Manganello has yet to remit any further payment since Judge Rodriguez's June 11, 2019 Order. *See* Hauser Cert. ¶ 4 [ECF No. 48 at 5–8]. Defendant engaged the United States Marshals Service on two prior occasions to collect on the unpaid judgment but, as of January 8, 2020, the Marshal was unable to locate and serve Manganello. *See id.* ¶¶ 5–6; Exs. B–C to Hauser Cert. [ECF No. 48 at 12–15]. Defendant also engaged a private process server on two separate occasions but likewise was unable to locate and serve Manganello. *See* Hauser Cert. ¶¶ 7–8; Exs. D–E to Hauser Cert. [ECF No. 48 at 16–21]. Accordingly, on September 14, 2021, Defendant served Manganello by regular first-class and certified mail, return receipt requested, with an information subpoena of the type provided for in Appendix XI–L of the New Jersey Court Rules. *See* Hauser Cert. ¶ 9; *see also* Ex. F to Hauser Cert. [ECF No. 48 at 22–29]. Defendant contends Manganello has yet to answer the information subpoena and now seeks an Order compelling his response.

II.     **DISCUSSION**

As the Supreme Court has noted, the "rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). Pursuant to Federal Rule of Civil Procedure 69(a)(2), in aid of the judgment or execution, a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." *See generally* 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3014

(3d ed.) ("A judgment creditor may use the discovery devices provided in [the federal rules] or may obtain discovery in the manner provided by the practice of the state in which the district court is held."); *see, e.g.*, *United States v. Chazen*, No. 08-2314, 2019 WL 113722 (D.N.J. Jan. 4, 2019) (granting motion to compel the judgment debtor to appear for a deposition and to provide answers to interrogatories to aid the plaintiff in collection of its judgment).

"The general rule in the federal system is that, subject to the district court's discretion, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'" *Republic of Argentina*, 573 U.S. at 139 (quoting FED. R. CIV. P. 26(b)(1)). Since the federal rules do not provide a specific formula for obtaining postjudgment discovery, district courts look to state law for procedural guidance. *See* FED. R. CIV. P. 69(a)(1). To obtain postjudgment discovery under New Jersey law,

> the judgment creditor . . . may examine any person, including the judgment debtor, by proceeding as provided by these rules for the taking of depositions or . . . may proceed as provided by [Rule] 6:7-2, except that service of an order for discovery or an information subpoena shall be made as prescribed by [Rule] 1:5-2 for service on a party. The court may make any appropriate order in aid of execution.

N.J. CT. R. 4:59-1(f). "An information subpoena may be served upon the judgment debtor, without leave of court, accompanied by an original and copy of written questions and a prepaid, addressed return envelope." N.J. CT. R. 6:7-2(b)(1). The information subpoena and written questions must conform with and be limited to those set forth in Appendix XI–L to the New Jersey Court Rules. *See id.* Lastly, service of the subpoena shall be made personally, "as provided by [Rule] 4:4-4[,] or by registered or certified mail, return receipt requested, and simultaneously by ordinary mail to the party's last known address." *See* N.J. CT. R. 1:5-2, 4:4-4; *see also Consolidated Rail Corp. v. Alliance Shippers, Inc.*, No. 93-1327, 2015 WL 3658848 (D.N.J. June 12, 2015) (denying motion to compel, in part, due to the judgment creditor's failure to comply with New Jersey law governing

4

service of an information subpoena seeking postjudgment discovery). The original subpoena, with answers to the written questions annexed thereto, must be returned to the judgment creditor within fourteen (14) days of service thereof. *See* N.J. CT. R. 6:7-2(b)(1).

Here, the Court will grant Defendant's motion to compel and Order Plaintiff's counsel, Christopher M. Manganello, Esquire, to provide answers to the written questions attached to its information subpoena. The subpoena was properly served on Manganello, and it seeks permissible postjudgment discovery under state and federal law. *See* FED. R. CIV. P. 69(a)(2); N.J. CT. R. 4:59-1(f). As noted, Defendant obtained an initial judgment in its favor more than five years ago and now seeks postjudgment discovery in aid of its effort to collect on that judgment. Despite effecting service of the subpoena at issue on September 14, 2021, Defendant previously attempted to locate and serve Manganello by various other means for over a year. *See* Hauser Cert. ¶¶ 5–9. In light of these unsuccessful attempts, Defendant served an information subpoena on Manganello by regular first-class and certified mail, return receipt requested, consistent with New Jersey law. *See id.* ¶ 9; *see also* N.J. CT. R. 1:5-2; 4:59-1(f). Attached to the subpoena is a list of written questions that also correspond in style and substance with those set forth in Appendix XI–L to the New Jersey Court Rules. *See* Ex. F to Hauser Cert. As such, the Court finds Defendant has established that it properly served the subpoena on Manganello and that the written questions attached thereto seek permissible postjudgment discovery under New Jersey law. The Court also notes that Defendant's motion is unopposed, since Manganello failed to timely file any opposition.[1] Therefore, the Court will grant Defendant's motion and enter an Order compelling Manganello to promptly respond to its information subpoena.

---

[1] The Court further notes that Mr. Manganello remains counsel of record for Plaintiff in this matter, and that his most recent filing on the docket appears to be a September 4, 2018 letter to the Court. *See* Pl.'s Letter [ECF No. 39].

### III. CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **8th** day of **July**, **2022**, that Defendant ACME Markets, Inc.'s Motion to Compel [ECF No. 48] is **GRANTED**; and it is further

**ORDERED** that Christopher M. Manganello, Esquire shall respond to Defendant ACME Markets, Inc's Information Subpoena no later than **July 29, 2022**; and it is further

**ORDERED** that Christopher M. Manganello, Esquire shall be subject to sanctions if he fails to timely respond to the Information Subpoena or otherwise refuses to comply with this Order; and it is further

**ORDERED** that Defendant ACME Markets, Inc. shall use all reasonable means to assure that Christopher M. Manganello, Esquire is served with this Order.

s/ Sharon A. King  
SHARON A. KING  
United States Magistrate Judge

cc: Hon. Joseph H. Rodriguez, U.S.D.J.